THOMSON, Plaintiff in Error, v. ROATCAP, Defendant in Error.

1. Unless it is expressed in a promissory note that it is "for value received, negotiable and payable without defalcation," the maker thereof will be allowed against an assignee of the same every just set-off or other defence that existed at the time of or before notice of the assignment as against the assignor thereof.

*Error to Cooper Court of Common Pleas.*

This was an action on the following promissory note : "$77.50. Twelve months after date, I promise to pay Wm. W. Norris seventy-seven dollars and fifty cents, without discount or defalcation, for value received, this 1st day of October, 1856. [Signed] John Roatcap."

The defendant denied knowledge of the alleged assignment of said note by Norris to plaintiff, and alleged that on the first of August, 1857, before said note became due, and before the time of the alleged assignment, he paid to Norris on said note the sum of $75, which he, Norris, agreed should be in full satisfaction of said note.

It appeared in evidence that on the first of August, 1857, defendant paid Norris seventy-five dollars on account of said note and took Norris' receipt ; that on the 9th of September, 1857, plaintiff purchased said note of Norris in good faith without any knowledge of the payment by defendant thereon. The court, at the request of defendant, gave the following declarations of law : "If defendant paid to Norris the sum

of seventy-five dollars on said note before the assignment of said note, and Norris agreed to accept the same in full satisfaction of said note, then the defendant is entitled to a verdict, and if seventy-five dollars was paid only as a credit plaintiff is entitled to a verdict for balance. 2. The court declares the law to be that the payer of a non-negotiable note may, before notice of the assignment of said note, pay the amount of the same to the payee, and thereby protect himself against a recovery by the assignee. 3. The court declares the law to be, that if the defendant paid the sum of seventy-five dollars on said note before the same was due, and the payee accepted the said amount as a full satisfaction of said note, then said payment amounts to an accord and satisfaction, and the defendant is entitled to a verdict."

The court rendered judgment for plaintiff for the balance due after allowing a credit of seventy-five dollars upon the note.

*Stephens & Vest,* for plaintiff in error.

I. The court erred in refusing the declarations of law asked by plaintiff. (Odell v. Gray, 15 Mo. 337 ; R. C. 1855, 1290 ; Chitt. on Bills, 266 ; Sto. on Notes, § 191, 192 ; Sto. on Bills, § 188 ; Smith v. Ashley, 20 Mo. 354.) The court erred in giving the instructions asked by defendant. (Ib.)

*Hutchison,* for defendant in error.

I. The court properly declared the law of the case. The defendant was entitled to a credit for the amount paid on the note previous to the assignment. (R. C. 1855, p. 322, § 3 ; id. p. 1026, § 20.) The note sued on was not negotiable under the statute ; nor is it a negotiable note at common law.

RICHARDSON, Judge, delivered the opinion of the court.

The instrument sued on in this case is a note within the description of the first section of the act concerning bonds and notes ; (R. C. 1855, p. 319 ;) and by the second section

is made assignable, so that the assignee can maintain an action thereon in his own name against the maker, in like manner as the payee could have done. But it is not a negotiable note within the meaning of the 15th section of the act concerning bills of exchange, for the effective words to give it that character, viz., "for value received, negotiable and payable without defalcation," are omitted, and therefore it has not the same effect as an inland bill of exchange. This note then stands on the same footing of an ordinary promissory note, transferable, but not negotiable; and the assignment of it to the plaintiff did not defeat any defence which the maker had at the time of the assignment against the payee, for the third section of the act first mentioned declares that "the obligor or maker shall be allowed every just set-off or other defence against the assignee and the assignor existing at the time of or before notice of the assignment, unless it shall be expressed in the bond or note that the same is for value received, negotiable and payable without defalcation;" and the fifth section provides that the assignee shall not obtain any greater title to, or interest in, any bond or note than the person had from whom he acquired it.

It will be observed that there is a difference in the provisions of the revised acts of 1845 and 1855 on the same subject, and that the third section of the act of 1855 is a substitute for the third and fourth sections of the act of 1845. By the third section of the old law, a set-off against the assignor before the assignment was not allowed if it was expressed in the note or bond that the sum therein specified should be paid without defalcation or discount; but a note or bond under the present statute must contain other words, "for value received, negotiable and payable without defalcation," to prevent the maker from pleading a set-off against the assignor existing at the time or before notice of the assignment.

The payment in this case was made before the note was assigned, and the right to set up that defence was not im-

paired by the assignment of the plaintiff, for he acquired no greater interest in the note than the person had from whom he acquired it, and he took it subject to all the defences which the maker had against the payee at the time of the assignment. The judgment will be affirmed, the other judges concurring.